UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In re

JOHN MCBRIDE
KATHY MCBRIDE   Case No. 11-03190-MAM-13

    Debtors

**ORDER GRANTING MOTION TO CLARIFY, DENYING MOTIONS FOR TURNOVER AND SANCTIONS AND AWARDING ATTORNEYS FEES**

Tyler Scott, Attorney for Debtors, Mobile, AL
Stephen Dummer, Attorney for Holmes Motors, Inc., Gulfport, MS

This case is before the Court on several motions relating to a ruling made by the Court on September 6, 2011. The Court has jurisdiction to hear these matters pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. The Court has the authority to enter a final order pursuant to 28 U.S.C. § 157(b)(2). For the reasons indicated below, the Court is entering a final order[1] on the motion of the debtors for violation of the stay. In conjunction with the final order, the Court is granting the motion to clarify the September 6, 2011 order, denying the debtors' motions for turnover and sanctions, and awarding attorneys' fees to debtors' counsel.

A.

The Court incorporates the facts stated in the ruling of September 6, 2011 except that the attorneys pointed out two errors. First, Judge Samson's order was not in a case in which the repossession had taken place prepetition. The repossession had occurred postpetition. Second, the lease of Ms. McBride had only about 3 years left and not 6 ½ years as stated. The Court

---

[1] This moots the need for any interlocutory appeal, so Holmes Motors' request is moot.

1

Case 11-03190    Doc 65    Filed 09/29/11    Entered 09/29/11 14:28:58    Desc Main
Document      Page 1 of 5

found a third error.  The case of *In re Moore* is incorrectly cited.  The correct cite is *In re Moore*, 448 B.R. 93 (Bankr. N.D. Ga. 2011).

Since that ruling, Ms. McBride made a request for return of the leased vehicle on September 7, 2011.  Holmes Motors responded to the request on September 9, 2011 by filing the motion to clarify, denying that return of the vehicle was required.

On September 15, 2011, debtors' counsel submitted an affidavit claiming $3,370.50 in attorneys' fees for work done on the violation of the stay matter.  Holmes Motors objects to the fees and asserts that a more appropriate award would be about $990.

B.

The Court needs to address three motions and one issue raised by the September 6, 2011 order (attorneys' fees).  The Court will address each motion and issue separately.

1.

Holmes Motors, Inc., filed a Motion to Clarify the September 6, 2011 order or, alternatively, moved for relief from the stay.  The Court grants the motion to clarify to state that, although it was not clear without a ruling from the Court what the Court's position on the status of the McBride lease would be, the Court concludes that the auto lease Kathy McBride had with Holmes Motors, Inc. was terminated prepetition.  Ms. McBride failed to make one of her July 2011 payments on time and it remained unpaid at the filing of her bankruptcy case.  According to the terms of the lease, the lease terminated upon the failure to make any payment.  Therefore, the lease was not property of the estate at the time of the filing of the case and the debtors had no rights in the vehicle.

This ruling does not change the fact that neither the debtors nor Holmes Motors could have known with any reasonable certainty at the time the case was filed that the Court would

conclude the lease had terminated prepetition. As stated in the September 6, 2011 opinion, Ms. McBride had a colorable claim to the vehicle and the stay therefore applied and prevented Holmes Motors from taking action without seeking permission from the Court first.

The Court concludes that the motion to clarify should be granted. Kathy McBride's lease was terminated prepetition by her failure to make payments and the language of the lease. The request for relief from stay at this time is not necessary based upon this ruling.

2.

Kathy McBride asks the Court to require Holmes Motors to turn over the leased vehicle to her. For the reasons stated above, Holmes Motors does not have to return the vehicle to Ms. McBride. The lease was terminated prepetition and the vehicle is not property of Ms. McBride's estate. The motion should be denied.

3.

Kathy McBride also asks the Court for sanctions for the alleged further violation of the stay by Holmes Motors. The violation was not returning the vehicle to Ms. McBride. For the reasons indicated above, the Court is denying the motion.

4.

In its September 6, 2011 ruling, the Court ordered Kathy McBride's counsel to file an affidavit detailing any attorneys' fees the firm was requesting as damages owed to the McBrides for work done preparing, filing, and prosecuting the violation of the stay motion against Holmes Motors. Debtors' counsel did file a timely affidavit and requested $3,370.50 in fees. This is approximately a $173/hour charge. The application for fees filed in this case indicates that the debtors agreed to pay $250/hour for "extraordinary contested matter[s]" if any were needed. The motion seeking a determination that Holmes Motors violated the stay is an extraordinary

3

contested matter. However, the agreement to pay $250/hour for extraordinary contested matters does not bind the Court or creditors. However, the Court concludes that a $173/hour fee is reasonable for this matter and for the firm handling it in this case. The hourly fee is well within community norms.

Holmes specifically objects to 12.2 hours spent by Mr. Scott researching case law related to this violation of the stay case. The Court concludes that the case was sufficiently difficult and novel to require twelve or more hours of research. Whether the lease was a disguised security agreement or a lease was an issue. If the agreement was a lease, what the parties' rights were under the lease was an issue. Whether the creditor had to file a motion for relief when the status of the lease was unclear was an issue. The time was warranted. The fees of $3,370.50 should be allowed.

CONCLUSION

For the reasons indicated above, it is appropriate to grant the motion to clarify and deny the motions for turnover and sanctions. Attorneys' fees of $3,370.50 should be allowed to debtors' counsel.

IT IS ORDERED that

1. The motion of Holmes Motors, Inc., to clarify the Court's ruling of September 6, 2011 is GRANTED to the extent of clarifying that the lease between Holmes Motors, Inc. and Kathy McBride was a true lease and it terminated before the bankruptcy filing by its terms due to failure to make payments;

2. The motion of Kathy McBride for turnover to her of the vehicle leased by Holmes Motors, Inc. to Kathy McBride is DENIED;

3. The motion of Kathy McBride for additional sanctions against Holmes Motors, Inc., is DENIED;

4. Attorney Tyler Scott is awarded $3,370.50 of attorneys' fees to be paid by Holmes Motors, Inc. as compensatory damages for its 11 U.S.C. § 362(k) violation; and

5. The motion of the debtors for violation of the automatic stay by Holmes Motors, Inc. is GRANTED for the reasons stated above and in the order of September 6, 2011 and Kathy McBride is awarded $1,068.78 in actual damages, $3,370.50 in attorneys' fees, and $5,000 in punitive damages against Holmes Motors, Inc.

Dated: September 29, 2011

*Margaret A. Mahoney*
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE